SINGER MANUFACTURING COMPANY *v.* WRIGHT.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF GEORGIA.

No. 13. Argued April 14, 1891. — Decided December 7, 1891.

The payment, whether voluntary or compulsory, of a tax, to prevent the payment of which a bill in equity has been filed, leaves no issue for the court to pass upon in that case.

*Little* v. *Bowers*, 134 U. S. 547, followed.

THE court stated the case as follows:

The appellant, the complainant below, is a corporation formed under the laws of New Jersey. The defendant Wright is the comptroller-general of the State of Georgia, and the

defendant Thomas the sheriff of one of its counties, both citizens of that State. The complainant is engaged, in New Jersey, in the manufacture of sewing machines and articles employed in their use. These it sends, and has been in the habit of sending for many years, to Georgia, where it keeps on hand in its buildings a large stock and sells them to consumers, or by sub-agents sent through the State.

In December, 1886, the legislature of Georgia passed an act to raise revenue for the fiscal years of 1887 and 1888, which, among other things, provided for the collection of a license tax from the vendors of sewing machines in the State.

The bill alleges that in this tax the act discriminates between retail dealers who are individuals, and dealers who are companies or wholesale dealers in machines on which the tax required has not been paid by the manufacturing companies, in this, that it requires of the latter the payment of two hundred dollars for the purpose of doing business in the State, and in addition a tax of ten dollars for each agent employed, whilst of the former no tax at all is required. It is, therefore, contended that the act, in this respect, violates the 7th article of the state constitution, requiring uniformity of taxation upon the same class of subjects, and also the last clause in the 1st section of the 14th Amendment of the Constitution of the United States, which declares that no State shall " deny to any person within its jurisdiction the equal protection of the laws," and thereby imposes a limitation upon all the powers of the State which can touch the individual or his property.

The bill sets forth, in substance, that, notwithstanding these alleged grounds of invalidity in the law, the comptroller general of the State is seeking to enforce the collection of the tax, and has placed, or is about to place, for this purpose, executions in the hands of the defendant Thomas, sheriff of Fulton County. It therefore prays for an injunction staying the proceedings until the further order of the court, and that upon the final hearing the comptroller may be perpetually enjoined from issuing any execution for the collection of the tax.

The comptroller general answered the bill, and upon the

hearing which followed the court denied the injunction and dismissed the bill. 33 Fed. Rep. 121. From its decree the case was brought to this court on appeal.

[Before the case was reached the appellees' counsel represented to the court that the executions issued by the comptroller general for taxes due the State of Georgia, when the bill in said case was filed by the appellant, and to enjoin the collection of which taxes was the relief sought by said bill, had been paid by said appellant since the decree appealed from was rendered — as shown by the certificate of said comptroller general attached, as an exhibit thereto : and moved "that said appeal be dismissed for the reason that abstract questions of law only are now involved in said case, and that the only remedy remaining to said appellant is to bring a suit against the said comptroller general for the recovery of said taxes so paid to him under protest." The argument on this motion was heard with the argument on the merits.]

*Mr. Clifford Anderson* for the motion, and for the appellees.

*Mr. Grosvenor P. Lowrey* and *Mr. George Hillyer* (with whom was *Mr. Joseph S. Auerbach* on the brief) opposing, and for the appellant.

The payment of the disputed tax was involuntary, and affords no ground for inferring any waiver or release of errors, or other admission by the appellant, inconsistent with the continued prosecution of its appeal.

I. This court has repeatedly decided that a payment by a party "to release his property from detention" is not a voluntary payment. *Railroad Co.* v. *Commissioner*, 98 U. S. 541; *Cleaveland* v. *Richardson*, 132 U. S. 318.

II. Submission to legal process after exhausting the only remedy in the law which could prevent its issue or enforcement, was no waiver, either of the right to enforce restitution by action or by appeal, or of the right to appeal from the original refusal of the remedy. The complainant resisted first in court and then out of court, and on each occasion to the *then* extent

of its power. Its ill success showed no acquiescence on its part, but was eloquent of resistance, persisted in and intended to be continued. "Resistance to the extent of a man's power," says a distinguished jurist, "is certainly a new kind of waiver." *Avery* v. *Slack*, 17 Wend. 85; *Merriam* v. *Haas*, 3 Wall. 687; *United States* v. *Dashiel*, 3 Wall. 688; *Hayes* v. *Nourse*, 107 N. Y. 577; *O'Hara* v. *MacConnell*, 93 U. S. 150.

III. In the case of an appeal in New Jersey, from a denial of a temporary injunction, it was urged that the act sought to be enjoined had been accomplished. Held, that this did not prevent a review of the order appealed from. *Terhune* v. *Midland Railroad*, 9 Stewart, (36 N. J. Eq.) 318.

IV. The present motion is clearly distinguishable from the case of *Little* v. *Bowers*, 134 U. S. 547. It there appeared that on *certiorari* certain assessments for taxes were confirmed. The Federal question involved in the writ of error in this court was whether these assessments impaired the obligation of a contract.

It appeared on the motion to dismiss that the taxes had been reduced and readjusted under an act passed after the *certiorari*, and this reduced amount had been paid *before* any warrant had been issued for their collection and *several months before such warrant could have been issued*, or any proceedings to compel payment could have been commenced.

This court in dismissing the writ of error held that the taxes were not paid under duress. "Their payment under the circumstances above set forth was in the nature of a compromise by which the city agreed to take and the company agreed to pay a less sum than originally assessed. The effect of this act was to extinguish the controversy between the parties to this suit."

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

We are relieved from a consideration of the interesting questions presented as to the validity of the legislation of Georgia, levying a license tax upon dealers in sewing machines, arising

from the alleged discrimination made between retail dealers who are individuals and retail dealers who are companies, or wholesale dealers in such machines, where the tax required has not been paid by the manufacturing companies, as the taxes, to enjoin the collection of which this suit was instituted, have been paid by the complainant since the decree dismissing the bill was entered. This appears from the certificate of the comptroller general and the representation of the attorney general of the State, accompanied by copies of the writs of execution on which they were collected, with the receipts of the sheriff endorsed thereon. The taxes being paid, the further prosecution of this suit to enjoin their collection would present only a moot question, upon which we have neither the right nor the inclination to express an opinion.

This subject was considered somewhat at length in *Little* v. *Bowers*, 134 U. S. 547. The payment of the taxes was, it is true, made under protest, the complainant declaring at the time that they were illegal, and that it was not liable for them; that the payment was made under compulsion of the writs; and that it intended to demand, sue for and recover back the amounts paid. If this enforced collection and protest were sufficient to preserve to the complainant the right to proceed for the restitution of the money, upon proof of the illegality of the taxes, such redress must be sought in an action at law. It does not continue in existence the equitable remedy by injunction which was sought in the present suit. The equitable ground for the relief prayed ceased with the payment of the taxes.

*The appeal must therefore be dismissed ; and it is so ordered.*