### CHICAGO & N. W. RY. CO. v. EVELAND et al.

(Circuit Court of Appeals, Eighth Circuit. May 14, 1923.)

### No. 6175.

1. **Appeal and error ⟨⟩781 (7)—Controversy in injunction suit held moot, when taxes have been paid, though under protest.**

   In suit to set aside assessment of property for taxation and enjoin making and enforcement of tax levy based thereon, where plaintiff, pending appeal from decree of dismissal, has paid the taxes, though under protest, the controversy is moot, as injunctive relief is no longer possible.

2. **Appeal and error ⟨⟩793—When taxes paid pending appeal in injunction suit, dismissal should be without prejudice.**

   Where plaintiff, in suit to enjoin making and enforcement of tax levy based on alleged void assessment, acted in good faith in paying the taxes under protest pending appeal from decree of dismissal, the dismissal should be without prejudice, so as not to deprive it of right to assert invalidity of the taxes in suits for their recovery in the state courts.

Appeal from the District Court of the United States for the District of South Dakota; Jas. D. Elliott, Judge.

Suit by the Chicago & Northwestern Railway Company against H. L. Eveland and others. From a decree dismissing the suit (285 Fed. 425), plaintiff appeals. Decree vacated and set aside, with directions.

A. K. Gardner, of Huron, S. D. (F. W. Sargent, of Chicago, Ill., on the brief), for appellant.

Byron S. Payne, of Pierre, S. D. (Buell F. Jones, of Britton, S. D., on the brief), for appellees.

Before STONE, Circuit Judge, and BOOTH and JOHNSON, District Judges.

JOHNSON, District Judge. The appellant, Chicago & Northwestern Railway Company, on August 27, 1921, brought this suit in the court below against the tax commission of the state of South Dakota and the county auditors of the counties of the state in which the property of the company was situated. The objects of the suit were: To have the assessment, the valuation for taxing purposes, of the company's property by the tax commission for 1921 adjudged to be fraudulent, unconstitutional, and void; to enjoin and restrain the county

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

auditors from extending taxes based upon the assessment to any other municipality or board, or from taking any action towards perfecting the tax levy based upon said assessment, or from making up or preparing any books or records looking to the enforcement of the tax levy based upon said assessment. In addition to the above relief, plaintiff prayed the court to ascertain and determine the fair and equitable value of its property for purposes of taxation, or to direct the tax commission to reassess the property of plaintiff at a fair and reasonable valuation. Plaintiff prayed for general relief. A temporary restraining order was issued and continued in force until the final hearing. Upon final hearing the trial court found in favor of defendants and dismissed the action. Plaintiff has appealed.

[1] Since the argument of the cause in this court counsel have stipulated in writing:

"That since the entry of judgment of dismissal in this action by the District Court the first installment of one-half of the taxes involved herein was paid to the various county treasurers of the counties of South Dakota in which the property of the plaintiff company is located and the usual receipts taken therefor. That thereafter the second installment * * * was paid to said several treasurers under protest. * * * That after the payment of said second installment under protest as aforesaid, and within the time limited by the statute of South Dakota, actions were brought in each of said counties against each of said county treasurers to recover the said taxes so paid under protest."

It is obvious that plaintiff cannot now be given the injunctive relief prayed for. The threatened acts of the several county auditors, which appellant sought by its bill of complaint to have enjoined, have been consummated. In Singer Manufacturing Co. v. Wright, 141 U. S. 696, 12 Sup. Ct. 103, 35 L. Ed. 906, a case analogous to the case at bar, the Supreme Court, speaking through Justice Field, said:

"We are relieved from a consideration of the interesting questions presented as to the validity of the legislation of Georgia, levying a license tax upon dealers in sewing machines, arising from the alleged discrimination made between retail dealers who are individuals and retail dealers who are companies, or wholesale dealers in such machines, where the tax required has not been paid by the manufacturing companies, as the taxes, to enjoin the collection of which this suit was instituted, have been paid by the complainant since the decree dismissing the bill was entered. * * * The taxes being paid, the further prosecution of this suit to enjoin their collection would present only a moot question, upon which we have neither the right nor the inclination to express an opinion. * * * The payment of the taxes was, it is true, made under protest, the complainant declaring at the time that they were illegal, and that it was not liable for them; that the payment was made under compulsion of the writs; and that it intended to demand, sue for and recover back the amounts paid. If this enforced collection and protest were sufficient to preserve to the complainant the right to proceed for the restitution of the money, upon proof of the illegality of the taxes such redress must be sought in an action at law. It does not continue in existence the equitable remedy by injunction which was sought in the present suit. The equitable ground for the relief prayed ceased with the payment of the taxes."

Plaintiff invoked the equitable jurisdiction of the court below by alleging in its amended complaint:

"That the said county auditors will, in each of the said respective counties, proceed to extend the tax and levy in their respective counties based upon the said assessment and will enter the same upon the books and records of their respective counties and will transmit such assessment to the various munici-

palities and tax boards with in their said counties respectively, as a basis of their levy of taxes in such municipalities and taxing district, and will make and deliver duplicate of a railroad tax book to the county treasurer in their respective counties, who by law is charged with the collection of railroad taxes, and unless the above named county auditors be enjoined and restrained, they will proceed so to do, and thereby plaintiff will suffer an irreparable injury and damage and would be put to the necessity of instituting various and sundry actions in order to protect its rights and to prevent the consummation of the wrongs asserted herein and would be subjected to a multiplicity of suits, in that if it paid taxes based upon said erroneous assessment, it would have to do so in all of the counties in South Dakota in which it has property, and thereafter bring a separate action in each of said counties to recover same, which would necessitate large expenditures for court costs and counsel fees."

It now appears from the stipulation that the threatened acts of the county auditors have been done which it was alleged would cause plaintiff irreparable injury and damage. It appears, also, that plaintiff has paid the taxes involved in the action, and has brought the numerous suits alleged as ground for invoking the equitable jurisdiction of the court. Under the statute of the state payment under protest secured to plaintiff the right to recover by actions at law the taxes wrongfully collected in whole or in part for any reason going to the merits of the tax. But the equitable remedy by injunction is no longer possible. The grounds for equitable relief have ceased to exist and the controversy has become moot. Singer Manufacturing Co. v. Wright, supra; Little v. Bowers, 134 U. S. 547, 10 Sup. Ct. 620, 33 L. Ed. 1016.

[2] Counsel for plaintiff express the fear that the decree of the court below would be res judicata of the matters in issue before it, and could be successfully pleaded in bar of the actions now pending against the treasurers of the several counties of the state for the recovery of the taxes paid under protest, if the appeal should be dismissed. Counsel for defendants contend that inasmuch as the parties are not the same the decree of the court below could not be successfully pleaded in bar of the actions now pending in the state courts. We do not stop to determine the question. Undoubtedly appellant acted in good faith when it paid the taxes under protest, and the ends of justice demand that it should not be deprived of the right given by statute to assert the invalidity of the taxes in the suits pending in the state courts. South Spring Gold Co. v. Amador Gold Co., 145 U. S. 300, 12 Sup. Ct. 921, 36 L. Ed. 712; United States v. Hamburg-Americakanische Co., 239 U. S. 466, 36 Sup. Ct. 212, 60 L. Ed. 387; United States v. American-Asiatic S. S. Co., 242 U. S. 537, 37 Sup. Ct. 233, 61 L. Ed. 479; Commercial Cable Co. v. Burleson, 250 U. S. 360, 39 Sup. Ct. 512, 63 L. Ed. 1030.

The decree is vacated and set aside and the court below is directed to dismiss the suit at plaintiff's cost, without prejudice to the right of plaintiff to prosecute the actions at law now pending in the state courts.