**GROSJEAN, Supervisor of Public Accounts of Louisiana et al. v. MUSSER.**

**No. 7490.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 10, 1935.

Rehearing Denied Feb. 1, 1935.

Edwin L. Richardson, Justin C. Daspit, F. A. Blanche, and Peyton R. Sandoz, all of Baton Rouge, La., and Robt. J. O'Neal, of Shreveport, La., for appellants.

Aubrey M. Pyburn, of Shreveport, La., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is an appeal from a decree enjoining the appellants, officials charged with the enforcement of the provisions of an act of the Louisiana Legislature (Act No. 4, Acts of State of Louisiana, 1932) levying a tax on sales of cigars, cigarettes, and smoking tobacco, from enforcing or attempting to enforce the provisions of that act upon shipments of merchandise to the agents of the appellee (plaintiff below) for delivery upon bona fide orders previously given to purchasers or customers in Louisiana, and from in any manner molesting or interfering with appellee's conduct and prosecution of his business in interstate commerce in shipping cigarettes and tobacco into Louisiana for delivery by its agents or employees to purchasers in said state pursuant to bona fide orders previously given by said purchasers. The statute referred to imposes a tax of 4 cents a package, or 40 cents a carton of ten packages, on sales of cigarettes. The bill in pursuance of the prayer of which the decree was rendered asserted the claim that appellee's business is solely interstate and is not subject to the tax in question, and contained allegations to the following effect: The appellee (plaintiff below), a citizen of Texas, operates an interstate tobacco business in the town of Ardmore, Okl. He is doing an interstate business in the state of Louisiana, having employed two salesmen in Caddo parish in that state to take orders for cigarettes from customers, and he plans to add four additional salesmen to his force in that parish. The defendants (appellants here) are threatening to confiscate appellee's property and have already seized 57 cartons of cigarettes, comprised in two shipments made to appellee's agents in Caddo parish for the purpose of delivery to appellee's customers. The amount in controversy is in excess of $3,000, exclusive of interest and costs. The capital invested by appellee in his business is large, running into many thousands of dollars. The volume of his business is correspondingly large. "The value of said fifty-seven (57) cartons of cigarettes is about sixty-one ($61.00) dollars; that the defendants are further threatening to, and complainant believes and alleges that they will, confiscate cigarettes of the value of three thousand ($3,000.00) dollars during the next ninety (90) days after the filing of the petition."

It appears from allegations of the bill that at the time it was filed the amount of tax involved was $22.80; 40 cents a carton on 57 cartons of cigarettes. Nothing contained in the bill indicates that the total amount of the tax which may be demanded during the time the suit reasonably may be expected to be pending would be as much as is required to give the court jurisdiction. The disputed tax is the matter in controversy, not that of the penalty or loss which the payment of the tax would avoid. Healy v. Ratta, 292 U. S. 263, 269, 54 S. Ct. 700, 78 L. Ed. 1248. The record shows that the sum or value of the matter in controversy is less than that required to give the court jurisdiction.

The decree is reversed.