## R. J. REYNOLDS TOBACCO CO. v. ROBERTSON, Collector of Internal Revenue. *

### No. 3952.

Circuit Court of Appeals, Fourth Circuit.

Jan. 6, 1936.

Alexander H. Sands, of Richmond, Va. (Alexander H. Sands, Jr., of Richmond, Va., on the brief), for appellant.

Joseph M. Jones, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and John MacC. Hudson and Sewall Key, Sp. Assts. to the Atty. Gen., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

The R. J. Reynolds Tobacco Company, on or about April 5, 1934, withdrew from its bonded warehouse in Winston-Salem, N. C., a quantity of cigarettes for the purpose of export and delivered them to a carrier to be transported to Norfolk, Va. For the purpose of relieving the cigarettes from taxation, an export bond had been executed, conditioned that proof of actual export be shown in accordance with the regulations of the Collector of Customs or that the tax be paid. On the way from Winston-Salem to Norfolk the cigarettes were stolen from the carrier and only a small part of the shipment was recovered and exported. The Commissioner of Internal Revenue notified the company that he would proceed to collect the tax on those not recovered; and a plea on the part of the company to have this tax abated was unsuccessful. The company thereupon filed this suit in the court below asking that the Collector of Internal Revenue be enjoined from collecting the tax. A temporary injunction was denied on the ground that plaintiff had an adequate remedy at law in the right to pay the tax and sue for its recovery, whereupon the company paid the tax and filed a supplemental bill alleging the payment and asking a decree against the collector for the amount thereof. The court dismissed the suit and

the company has appealed, contending (1) that there was error in refusing to enjoin the collection of the tax; and (2) that the amended bill should have been entertained as a suit for refund.

▮ The first point is not open to appellant. Since it has paid the tax to the collector, the question as to whether collection should have been enjoined has become moot. Singer Mfg. Co. v. Wright, 141 U. S. 696, 12 S.Ct. 103, 35 L.Ed. 906; Little v. Bowers, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016; Chicago & N. W. R. Co. v. Eveland (C.C.A.8th) 289 F. 783; Tomboy Gold Mines Co. v. Brown (C.C.A.8th) 74 F. 12; 3 C.J. 361.

▮ The second point is without merit. Section 3226 of the Revised Statutes as amended by the Act of June 6, 1932, § 1103 (a), 47 Stat. 286, 26 U.S.C.A. §§ 1672–1673, provides that no suit or proceedings shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, and that no such suit shall be begun before the expiration of six months from the date of filing such claim. Here no claim of the sort required by the statute has been filed. Appellant relies upon the claim for abatement of the tax filed with the Commissioner; but a claim for abatement does not take the place of the claim for refund required by statute, and the necessity of filing such claim is not dispensed with because it may, and probably will, be rejected. United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Rock Island, etc., R. R. v. United States, 254 U.S. 141, 41 S.Ct. 55, 56, 65 L. Ed. 188. As said by Mr. Justice Holmes in the case last cited: "The words of § 3226 also must be taken to mean an appeal after payment, especially in view of § 3228 * * * requiring claims of this sort to be presented to the Commissioner within two years after the cause of action accrued. So that the question is of reading an implied exception into the rule as expressed, when substantially the same objection to the assessment has been urged at an earlier stage. Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with. Lex non præcipit inutilia (Co.Lit. 127b) expresses rather an ideal than an accomplished fact. But in this case we cannot pronounce the second appeal a mere form. On appeal a judge sometimes concurs in a reversal of his decision below. It is possible as suggested by the Court of Claims that the second appeal may be heard by a different person. At all events the words are there in the statute and the regulations, and the Court is of opinion that they mark the conditions of the claimant's right."

▮ We do not think that what was said in Dodge v. Brady, 240 U.S. 122, 36 S.Ct. 277, 60 L.Ed. 560, can be held to be authority for the contrary position. In that case the District Court, after denying injunction to restrain the collection of a tax alleged to be unconstitutional, permitted the taxpayer to amend his bill to allege payment under protest and then dismissed the bill on the merits, holding that the tax was constitutional. Upon appeal by the taxpayer, this dismissal on the merits was affirmed in view of the fact that at the same term of the Supreme Court the tax had been held constitutional by that court in a case properly constituted. Brushaber v. Union Pac. R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann. Cas.1917B, 713. After the court had thus ruled that the tax in question was constitutional, any filing of claim with the Commissioner would have been useless; and there was no reason why the whole controversy should not have been ended, as the court did end it, by affirming the judgment appealed from. The court pointed out that the case was exceptional in character for the reasons which we have stated; and we do not understand it to mark any departure from the rule so clearly stated by Mr. Justice Holmes in the Rock Island Case. If there is any conflict, the rule as stated in the Rock Island and the Felt & Tarrant Cases, which were decided later, must prevail.

There was no error, and the dismissal for lack of jurisdiction will be affirmed.

Affirmed.