**ROYALTY SERVICE CORPORATION v. CITY OF LOS ANGELES et al.**

No. 8800.

Circuit Court of Appeals, Ninth Circuit.

Aug. 25, 1938.

George A. Judson and Frank M. Willcox, both of Los Angeles Cal. (Ernest K. Hartman, of Los Angeles, Cal., of counsel), for appellant.

Ray L. Chesebro, City Atty., Frederick von Schrader, Asst. City Atty., and Arthur Loveland and George William Adams, Deputies City Atty., all of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a decree of the District Court in favor of the. appellees. The action was brought by the appellant, Royalty Service Corporation, Ltd., a Delaware corporation, for an injunction to restrain and enjoin appellees, City of Los Angeles, James E. Davis, Chief of Police of the City, and Dan O. Hoye, Controller of the City, from enforcing certain provisions of Ordinance No. 76,300 of the City of Los Angeles as against the appellant, a producer of oil. The challenged provisions are set forth in the margin.[1]

---

[1] Section 21.124: "For every person producing oil from any well located in the City of Los Angeles, the sum of $2.00 per quarter for each such well producing four hundred (400) barrels or less of oil per quarter, plus ½¢ per barrel of oil produced by each such well in excess of four hundred (400) barrels per quarter."

Section 21.17: "It shall be the duty of the Controller of the City of Los Angeles and he is hereby directed to enforce each and all of the provisions of this ordinance, and the Chief of Police of the City of Los Angeles shall render such assistance in the enforcement of this ordinance as may from time to time be required by the Controller.

"Said Controller, in the exercise of the duties imposed upon him, and acting through his deputies, shall examine all places of business in the City of Los Angeles to ascertain whether or not the provisions of this ordinance have been complied with.

"Said Controller and his deputies shall have the power to examine all necessary books and records of any person doing business in the City of Los Angeles required to be licensed by the terms hereof, for the purpose of ascertaining the amount of license fee required to be paid by the provisions hereof. The Controller, upon ascertaining the amount of such license fee, shall certify the same to the City Clerk. The Controller and each and all of his deputies shall have the power and authority to enter, free of charge, at any time any place of business required to be licensed by the provisions of this ordinance, and to demand an exhibition of such license. Any person having any such license theretofore issued in his possession or under his control who fails to exhibit the same on demand shall be guilty of a misdemeanor and subject to the penalty provided for by the provisions of this ordinance.

"It shall be the duty of the Controller and each of his deputies to cause a complaint to be filed against any and all persons found to be a violator of any of the provisions of this ordinance."

Section 21.202: "Any person violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punishable by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the city jail for a period of not more than six (6) months, or by both such fine and imprisonment.

The bill attacks the ordinance on many grounds, alleging that the same violates certain provisions of both the Federal Constitution and the Constitution of the State of California and also that it conflicts with certain provisions of the Charter of the City of Los Angeles.

The cause having been heard, the District Court made its findings of fact and conclusions of law and entered its decree in favor of the appellees, holding that the ordinance was valid and did not infringe any of the constitutional rights of appellant and that the prayer for injunction should be denied. By the terms of the decree the preliminary injunction entered in the cause was dissolved. Costs were awarded to appellees.

The appellant has specified numerous assignments of error, but none of these challenge in any way the findings of fact made by the court below. The assignments are all directed toward the conclusions of law drawn from these findings. It is contended that the District Court erred in failing to find that the ordinance was invalid and that appellant was entitled to an injunction.

In view of the fact that we think the District Court was without jurisdiction of this cause it is unnecessary for us to consider the mentioned assignments of error. Although the question of jurisdiction was not raised by the parties in the District Court nor in their briefs on appeal it was raised on oral argument before this Court. In any event it is necessarily before us and must be decided. An appellate federal court must, of its own motion and even against the consent or protest of the parties, satisfy itself not only of its own jurisdiction but also of that of the lower court in a cause under review. Mitchell v. Maurer, 1934, 293 U.S. 237, 55 S.Ct. 162, 79 L. Ed. 338; Electro Therapy Products Corporation v. Strong, 9 Cir., 1936, 84 F.2d 766; Miller v. First Service Corporation, 8 Cir., 1936, 84 F.2d 680, 109 A.L.R. 1179; Schell v. Food Machinery Corporation, 5 Cir., 1937, 87 F.2d 385, certiorari denied 1937, 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883.

The jurisdiction of the District Court in this case is predicated upon the provisions of section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1). This section provides that the District Court shall have jurisdiction of " * * * all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * * or (b) is between citizens of different States * * *."

The bill of complaint was filed on September 18, 1936. It contained a general allegation that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000. This allegation was denied by the answer. However, the parties filed a stipulation of facts wherein it was agreed, inter alia, "that the value of the matter in dispute * * * exceeds, exclusive of interest and costs, the sum of Three Thousand ($3,000.00) Dollars."

The bill contained a further allegation that " * * * this plaintiff under protest has paid taxes in advance under the terms of said purported ordinance 56,600, now repealed, and said ordinance No. 76,-300, subsection 21.124 *for the quarter beginning July 1, 1936,* in the sum of $3,263.-71." (Italics supplied.) The defendants, in answering this allegation, admit " * * * that plaintiff has paid fees required by the provisions of Ordinance No. 56,600 and Ordinance No. 76,300 in the total sum of $3,263.71, but alleges that said sum so paid was paid for license fees *for five (5) quarters next preceding the quarter commencing October 1, 1936."* (Italics supplied.)

It is apparent that at the time the pleadings were drawn the plaintiff and the defendants were in agreement that the taxes so paid in advance in the sum of $3,263.71 were paid for a period or periods up to and including October 1, 1936.[2]

The District Court, in its findings of fact, found that the plaintiff was a Delaware corporation and a resident of that State and that the defendants were resi-

---

"Each such person shall be deemed guilty of a separate offense for every day during any portion of which any violation of any provisions of this ordinance is committed, continued or permitted by such person, and shall be punishable therefore as provided in this ordinance."

[2] It is not evident in what manner the taxes due for a period in advance were ascertained. Since the license tax is calculated upon the actual production of oil, it would seem impossible to find the amount of tax which would become due for a future period.

dents and citizens of the State of California. There is no finding or conclusion of law that the matter in controversy exceeded in value the requisite jurisdictional amount. There is, however, a finding that "* * * * under the provisions of this ordinance [No. 76,300] plaintiff paid under protest to the City of Los Angeles' for license fees the sum of $3,263.71 for *five quarterly payments, beginning July 1, 1936,* and has fully complied with all the provisions of said ordinance." (Italics supplied.)

It thus appears, both by the pleadings and by the findings of fact, that at the time the complaint was filed, September 18, 1936, there were no taxes due the City of Los Angeles. If the finding of the District Court is correct, and, in the absence of any statement of the evidence or an agreed statement of the case, it must be so considered, it is evident that not only were no taxes due on September 18, 1936 but none would be due until October 1, 1937.

██ Whatever may have been the rule enunciated in some of the earlier federal cases, it is settled by the recent decision of the Supreme Court in the case of Healy v. Ratta, 1934, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248, that where a plaintiff is seeking to enjoin the enforcement of a tax statute the value of the matter in controversy is to be measured by the amount of the tax due from the plaintiff or demanded of him and does not include any penalty or loss of business which the payment of the tax would avoid.[3] See, also, Henneford v. Northern Pac. Ry. Co., 1938, 303 U.S. 17, 58 S.Ct. 415, 82 L.Ed. 619; Grosjean v. Musser, 5 Cir., 1935, 74 F.2d 741; Vicksburg, S. & P. Ry. Co. v. Nattin, 5 Cir., 1932, 58 F.2d 979; Cook's Estate, Trustees, v. Sheppard, D.C.Tex.1934, 8 F.Supp. 21, affirmed Barwise v. Sheppard, 1935, 293 U.S. 527, 55 S.Ct. 145, 79 L.Ed. 637.

██ It is also settled by the recent decision of the Supreme Court in the case of McNutt v. General Motors Acceptance Corporation, 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, that under section 37 of the Judicial Code, 28 U.S.C.A. § 80,[4] a plaintiff must plead the essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court; that the District Court is vested with the authority to inquire at any time whether these conditions have been met; and that the authority so vested in the court by the statute "precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure." (page 785.)

██ In the case at bar there are no allegations that there was any tax due the City of Los Angeles at the time of the commencement of the action. Jurisdiction of the federal courts depends on the situation as it exists at the time the suit is brought and subsequent events neither confer nor divest it. Mutual Life Ins. Co. v. Rose, D.C.Ky.1923, 294 F. 122; Cohn v. Cities Service Co., 2 Cir., 1930, 45 F.2d 687; Ford, Bacon & Davis, Inc., v. Volentine, 5 Cir., 1933, 64 F.2d 800. There can be no assumption that because a tax was levied in the past against the appellant in a sum sufficient to satisfy the federal jurisdictional requirement that a like tax will be assessed in the future. Citizens' Bank of Louisiana v. Cannon, 1896, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451. Any action by appellees to compel compliance by appellant with the taxing ordinance for periods subsequent to those for which the tax has been paid is at most conjectural. Healy v. Ratta, supra.

██ As has been previously noted, the parties entered into a stipulation that the

---

3 Cf.: American Fertilizing Co. v. Board of Agriculture, C.C. N.C. 1890, 43 F. 609, 11 L.R.A. 179; Southern Exp. Co. v. City of Ensley, C.C.Ala. 1902, 116 F. 756; Humes v. City of Little Rock, C.C.Ark. 1898, 138 F. 929; City of Hutchinson v. Beckham, 10 Cir., 1902, 118 F. 399; Jewel Tea Co. v. Lee's Summit, Mo., D.C.Mo. 1912, 198 F. 532, affirmed 8 Cir., 1914, 217 F. 965; Nutt v. Ellerbe, D.C.S.C. 1932, 56 F.2d 1058.

4 "If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any

time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

value of the matter in dispute satisfied the jurisdictional amount. Equity Rules 75 and 77, 28 U.S.C.A. following section 723, require that a statement of the evidence or an agreed statement of the case, in order to be properly a part of the record on appeal, be authenticated by the court or judge. It was held in Hughes v. Reed, 10 Cir., 1931, 46 F.2d 435, that "evidence" as used in rule 75 is not confined to testimony of witnesses. There is no statement of the evidence or agreed statement of the case incorporated in the record now before us. The stipulation is not authenticated by the court or judge below, and there is no showing other than that made by the clerk's certificate that the same was ever before the District Court. We do not, however, find it necessary to decide whether or not such certification makes the stipulation a part of the primary record on appeal, since even though it may properly be considered by us we must still hold that the District Court was without jurisdiction.[5] It is an established rule that where a federal court would not otherwise have jurisdiction, it cannot acquire it by consent of the parties. Cutler v. Rae, 1849, 7 How. 729, 8 How. 615 Appx., 12 L.Ed. 890, 1221; Byers v. McAuley, 1893, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Miller v. First Service Corporation, supra; Schell v. Food Machinery Corporation, supra. It may be that under certain circumstances parties may stipulate to the existence of certain facts which show jurisdiction and that the court may act judicially upon admissions made by such a stipulation;[6] but here the stipulation is as to the ultimate fact, and this in the face of admitted and undisputed evidentiary facts which compel a finding of the ultimate fact exactly opposite to the conclusion reached by the stipulation.

▮ Nor does it change our view of the case that the ordinance contains penal provisions subjecting a person coming within its purview to possible monetary penalties for violation thereof. The issue between the parties is the right of the City to collect the tax. There is no question raised as to the authority of the City to penalize non-compliance. "The dispute as to the lawfulness of the tax is the controversy which alone gives vitality to the litigation." Healy v. Ratta, supra, at page 268, 54 S. Ct. at page 702.

We hold that the District Court was without jurisdiction of the cause. The case is remanded to the District Court with directions to dismiss the bill for want of jurisdiction.

Costs on this appeal to appellees.

---

[5] Had we jurisdiction to determine this cause on its merits an initial problem would be presented as to whether the bill states facts entitling the plaintiff to any equitable relief, in as much as it appears that complainant has paid the tax the collection of which is sought to be restrained. Where there is an enforced collection of an illegal tax and payment under protest, the remedy of the party for the restitution of the money is by an action at law, and not by a bill in equity for an injunction. Singer Mfg. Co. v. Wright, 1891, 141 U.S. 696, 12 S.Ct. 103, 35 L.Ed. 906.

[6] See Pittsburgh, C. & St. L. Ry. Co. v. Ramsey, 1874, 22 Wall. 322, 22 L.Ed 823.