**HARVEY v. EARLY et al.**

No. 5557.

Circuit Court of Appeals, Fourth Circuit.

April 9, 1947.

L. Grafton Tucker, of Lovingston, Va., and William Kinckle Allen, of Amherst, Va., for appellant.

Fred J. Neuland, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., Helen R. Carloss, Sp. Asst. to Atty. Gen., Howard C. Gilmer, Jr., Acting U. S. Atty., of Pulaski, Va., and R. Roy Rush, Asst. U. S. Atty., of Roanoke, Va., on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a suit instituted to enjoin the collection of a jeopardy assessment of additional income taxes with penalties and interest, and to require the repayment to taxpayer of the amounts collected thereon under a warrant of distraint. The case was heard on the pleadings, and the facts as they were at the time of the hearing are adequately stated in the opinion of the District Judge, which is reported in 66 F.Supp. 761. The jeopardy assessment was made pursuant to section 273(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 273(a), and included a 50% penalty made on the ground of fraud under section 293(b), 26 U.S.C.A. Int.Rev.Code, § 293(b). The total amount of the additional taxes and penalties assessed, with interest, was $8,-169.22. Under a warrant of distraint $6,-826.83 was collected from banks in which taxpayer had balances on deposit. After the entry of the order of dismissal in the court below, taxpayer paid under protest the balance due under the assessment.

It is perfectly clear that the learned judge below was correct in holding that the suit could not be maintained as one for injunction. It is expressly provided by statute that, with certain exceptions not here relevant "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Int.Rev.Code sec. 3653(a), 26 U.S.C.A. Int.Rev.Code, § 3653(a). This section of the Internal Revenue Code is derived from R.S. 3224, the underlying philosophy of which, thoroughly applicable here, is set forth in State Railroad Tax Cases, 92 U.S. 575, 613, 23 L.Ed. 663. It is no ground for not applying the prohibition of the statute that the tax assessed is alleged to be unconstitutional (Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L. Ed. 557; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Graham v. Du-Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965), or that it has been erroneously or illegally assessed. Snyder v. Marks, 109 U. S. 189, 3 S.Ct. 157, 27 L.Ed. 901; State Railroad Tax Cases, supra. The contention that part of the assessment is not a tax but a criminal penalty is answered by the decision of the Supreme Court in Helvering v. Mitchell, 303 U.S. 391, 402, 58 S. Ct. 630, 82 L.Ed. 917. Even if there had been merit in the application for injunction, the case has been rendered moot as to that aspect by the payment of the full amount of the taxes and penalties. Singer Mfg. Co. v. Wright, 141 U.S. 696, 12 S.Ct. 103, 35 L.Ed. 906; Little v. Bowers, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016; R. J. Reynolds Tobacco Co. v. Robertson, 4 Cir., 80 F.2d 966.

It is equally clear that the suit cannot be maintained as one for recovery of the amounts collected by or paid to the government, for the reason that no claim for refund has been filed as the statute requires. Sec. 3772 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3772, provides:

"(1) Claim. No suit or proceeding shall be maintained in any court for the recovery

of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

"(2) Time. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."

■ It is well settled that compliance with this statutory requirement is a prerequisite to suit, and that it makes no difference that the filing of claim would probably be a useless formality. In consenting to be sued in the courts, the government has stipulated as a condition of suit that claim be filed with the commissioner so that it may first be passed on administratively. The terms of the statute "mark the conditions of the claimant's right". Rock Island etc. R. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188; United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; R. J. Reynolds Tobacco Co. v. Robertson, supra.

■ In this court, the appellant raises for the first time the contention that, since the complaint asks injunction on the ground that an act of Congress is unconstitutional, the judge below should have convened a court of three judges, pursuant to 28 U.S.C.A. § 380a, for the purposes of acting on the application. The contention is absolutely without merit. In the first place, section 3653(a) precludes the maintaining of suit in any court for the purpose of restraining the assessment or collection of any tax; and consequently a court of three judges would be without jurisdiction of such a suit. In the second place, no substantial question is raised as to the constitutional validity of the statute attacked (see Helvering v. Mitchell, supra; Phillips v. Com'r, 283 U.S. 589, 593, 51 S.Ct. 608, 75 L.Ed. 1289; and Continental Products Co. v. Com'r, 1 Cir., 66 F.2d 434); and the rule is that the statute providing for a court of three judges "is not applicable unless the questions raised as to the constitutional validity of an Act of Congress are substantial." William Jameson & Co. v. Morgenthau, 307 U.S. 171, 172, 59 S.Ct. 804, 805, 83 L.Ed. 1189. In that case it was contended that the Federal Alcohol Administration Act, 27 U.S.C.A. § 201 et seq., was unconstitutional because the twenty-first amendment deprived Congress of the authority to control the importation of intoxicating liquors. The Supreme Court found this contention to be without substance, and remanded the case to the district court for further proceedings to be taken independently of the statute providing for a court of three judges. See also California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Rok v. Legg, D.C., 27 F.Supp. 243, 244, 247; Cooney v. Legg, D.C., 34 F.Supp. 531; Stone v. Christensen, D.C., 36 F.Supp. 739, 741; Acret v. Harwood, D.C., 41 F.Supp. 492, 495; Osage Tribe of Indians v. Ickes, D.C., 45 F.Supp. 179, affirmed 77 U.S.App.D.C. 114, 133 F.2d 47, certiorari denied 319 U.S. 750, 63 S.Ct. 1158, 87 L.Ed. 1704.

The order dismissing the complaint will be affirmed.

Affirmed.