**STRADLEY v. GLENN, Collector of Internal Revenue.**

No. 11348.

United States Court of Appeals Sixth Circuit.

Dec. 6, 1951.

Marvin J. Sternberg, Louisville, Ky., for appellant.

David C. Walls, Louisville, Ky., Theron L. Caudle, Charles Oliphant, Ellis N. Slack, Virginia H. Adams, Washington, D. C., for appellee.

Before SIMONS, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

In this cause, the District Court dismissed the complaint of the taxpayer seeking to enjoin and restrain the Collector of Internal Revenue from collecting federal taxes, together with penalties and interest, assessed against her for several years under section 1700(e) of the Internal Revenue Code, 26 U.S.C.A. § 1700(e), and also seeking a declaratory judgment that the taxpayer was not legally liable for such taxes, penalties and interest;

And it appearing that subsequent to the order of dismissal entered on January 18, 1951, the taxpayer has paid all the taxes, penalties and interest, the collection of which she sought to enjoin, but has appealed to this court from the order dismissing her suit;

And, inasmuch as the United States Attorney, on behalf of the Collector of Internal Revenue, has moved to dismiss the appeal herein upon the ground that the issue raised by the complaint has become moot and that this court has no jurisdiction to proceed, it being well established that when taxes, the collection of which has been sought to be enjoined, have been paid either voluntarily or compulsorily, only a moot question is presented which an appellate court has no jurisdiction to decide, with the result that the appeal should be dismissed, Singer Manufacturing Co. v. Wright, 141 U.S. 696, 700, 12 S.Ct. 103, 35 L.Ed. 906; Little v. Bowers, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016; People of State of California v. San Pablo and Tulare Railroad Company, 149 U.S. 308, 314, 13 S.Ct. 876, 37 L.Ed. 747; R. J. Reynolds Tobacco Co. v. Robertson, Collector of Internal Revenue, 4 Cir., 80 F.2d 966; Harvey v. Early, 4 Cir., 160 F.2d 836; and Royalty Service Corporation v. City of Los Angeles, 9 Cir., 98 F.2d 551;

The appeal herein is ordered to be and the same is hereby dismissed.