**Douglas B. KOGER and Palma Koger, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–1315.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1984.

Decided Feb. 26, 1985.

---

William H. Thomas, III, Greenville, S.C. (Dobson & Dobson, Greenville, S.C., on brief), for appellants.

Nancy Morgan, Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., Charles R. Brewer, U.S. Atty., Asheville, N.C., Michael L. Paup, William S. Estabrook, Tax Div., Dept. of Justice, Washington, D.C., on brief), for appellee.

Before WIDENER, PHILLIPS and ERVIN, Circuit Judges.

WIDENER, Circuit Judge:

This is an appeal of an order entered by the district court dismissing a complaint filed by the taxpayers seeking to enjoin the government from collecting assessed income tax deficiencies. The taxpayers' complaint also sought a release of a federal tax lien which the Internal Revenue Service (IRS) had filed against the taxpayers' property after deficiency assessments had been made. The government moved to dismiss the taxpayers' complaint for failure to state a claim upon which relief could be granted, and the district court dismissed the case on that ground pursuant to FRCP 12(b)(6). It is from this dismissal order that the taxpayers took their appeal. We agree that the complaint should be dismissed, but on a different ground.

Douglas B. Koger and Palma Koger (taxpayers) were residents of Cocoa Beach, Florida in 1978 and 1979, and, for the years at issue here, the taxpayers' income tax returns indicated a Cocoa Beach address. In 1981, the taxpayers became residents of Blowing Rock, North Carolina and indicated this new address on their 1981 income tax return. Despite their change in address, when the IRS, Florida District, determined that deficiencies existed for the Kogers' tax years of 1978 and 1979, a statutory notice of deficiency was sent by certified mail to the Kogers in 1982 at their Cocoa Beach, Florida address. Although this notice was returned undeliverable, the IRS assessed deficiencies against the taxpayers for tax years 1978 and 1979. The taxpayers claim that they first received notice of the tax deficiencies in April 1983, after the IRS had already made the deficiency assessments. They also assert that they never received actual notice of the proposed deficiency.[1] While the Kogers

---

1. Taxpayers argue that the notice they received in April 1983 indicating that taxes had been

maintain that they have not received the statutory notice of deficiency, *see* IRC § 6212,[2] upon receiving notice of the assessments, taxpayers through their accountant informed the IRS that no notice of the proposed deficiency had been received prior to the deficiency assessments. Additionally, the Kogers allege that, after the IRS notified them of the 1978 and 1979 assessments, they requested the IRS to send actual notice of deficiency, but that the IRS failed to do so prior to its filing of a federal tax lien against the taxpayers in October 1983.

A few weeks after the IRS filed its tax lien, the taxpayers brought suit in the district court seeking to enjoin the IRS from collecting the assessments for 1978 and 1979 and to require release of the federal tax lien. Essentially, the Kogers' complaint alleged that any assessment or collection effort by the IRS in respect of tax deficiencies for 1978 and 1979 would be improper because the IRS failed to provide an adequate notice [3] of the proposed deficiency, prior to assessment, as required by IRC §§ 6212, 6213. As a result of this failure to comply with IRC provisions, the taxpayers alleged that they would suffer irreparable injury if the court failed to issue the injunction because further illegal collection activity by the IRS would continue to impair their business reputation and ability to transact business. The complaint further alleged that since payment of the illegally assessed taxes would damage the taxpayers' business interests irreparably, no adequate remedy at law existed to preclude the issuance of an injunction.

As stated, the government filed a motion to dismiss the Kogers' complaint under FRCP 12(b)(6), which the district court granted, and taxpayers appealed. While this appeal was pending, however, the taxpayers fully paid the assessed income tax deficiencies, as well as the penalties and interest thereon, and thereby effected a release of the federal tax lien.

■ Because the taxpayers have paid fully the assessed deficiencies as well as the penalties and interest thereon, we must consider whether such payment, during the pendency of this appeal, has rendered the case moot. Article III of the Constitution limits our power to hear only those cases involving an actual case or controversy. Furthermore, actual controversy must exist at all stages of review rather than only at the time of the filing of the complaint. *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1215 n. 10, 39 L.Ed.2d 505 (1974). Therefore, even if a controversy existed at the time the Kogers filed their complaint, we are without jurisdiction to hear their appeal if payment of the deficiencies has rendered the case moot during the appeal. *State of California v. San Pablo & Tulare Railroad*, 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893). Accordingly, only upon a finding that the case is not moot may we reach the merits of the case.

■ Generally, subject only to quite limited exceptions, when a court denies a taxpayer's request for an injunction to prohibit his government from collecting taxes, an appeal of this denial presents a moot question over which an appellate court has no jurisdiction, if the taxpayer has paid the taxes during the pendency of the appeal. *Singer Manufacturing Co. v. Wright*, 141

---

assessed for 1978 and 1979 did not amount to a "notice of deficiency" authorized by IRC § 6212(a). A § 6212 notice of deficiency must be sent to a taxpayer's last known address before the IRS may make an administrative assessment of the tax deficiencies. IRC §§ 6212(b)(1), 6213(a). Since the Kogers received notice of the deficiencies after the IRS had made the assessments, the argument goes, the post-assessment notice did not constitute a notice of deficiency within the meaning of IRC § 6212(a).

**2.** IRC section numbers are the same as 26 U.S.C. Thus, IRC § 6212 is 26 U.S.C. § 6212.

**3.** Section 6212 requires the IRS to send a notice of deficiency (90-day letter) to a taxpayer's "last known address" so that the taxpayer may file a petition in the Tax Court to seek redetermination of the deficiencies. IRC § 6213(a). In contrast to a refund suit which must be brought in either the District Court or Court of Claims following payment of tax deficiencies, a suit in the Tax Court provides a taxpayer with a prepayment forum.

U.S. 696, 12 S.Ct. 103, 35 L.Ed. 906 (1891); *Little v. Bowers*, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016 (1890); *R.J. Reynolds Tobacco Co. v. Robertson*, 80 F.2d 966 (4th Cir.), *cert. denied*, 297 U.S. 719, 56 S.Ct. 596, 80 L.Ed. 1004 (1936); *see also Harvey v. Early*, 160 F.2d 836, 837 (4th Cir.1947).

■ Notwithstanding the fact that payment of the taxes and release of the tax lien have been accomplished during the pendency of this appeal, the taxpayers argue that the appeal of the dismissal order nevertheless is not moot. While we in no way condone the fact that the taxpayers have been denied a prepayment forum in the Tax Court because they did not receive the statutory notice of deficiency, this denial of a prepayment forum does not obviate the fact that the deficiencies have been fully paid, and whatever our concerns with the government's method, we nonetheless lack jurisdiction to hear the case unless an actual controversy exists.

Turning to their contentions, we first consider two interrelated arguments which, essentially, ask us to find this case not moot for policy reasons. More specifically, the taxpayers claim that since Congress drafted an explicit exception to the Anti-Injunction Act[4] to enable taxpayers to contest alleged deficiencies, prior to payment, by filing a petition in the Tax Court within 90 days of receiving notice of a proposed deficiency, the procedure employed here by the IRS in failing to give effective notice within this 90-day period defeats Congressional intent to provide a prepayment forum. Thus, taxpayers claim that this procedure, maintained as proper by the IRS, presents an important public issue inasmuch as the IRS has frustrated Congressional intent and has undermined the jurisdiction of the Tax Court. Because, the argument goes, this is a significant public

issue with a likelihood of repetition, public interests would be undermined if the appeal were held moot. We do not think this is a permissible consideration, *Little*, supra, 134 U.S. at 558, 10 S.Ct. at 623, but even if it is we do not accept the argument for two reasons. First, the capable-of-repetition doctrine which permits a federal court to hear a claim which is capable of repetition, yet evades review, is inapposite to the facts of this case. "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983), *citing DeFunis v. Odegaard*, 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974). We do not think that the taxpayers have made a showing that they again will be subjected to the same procedure of alleged illegal assessments following improper notice. Also, the claim of illegal assessment will not evade review to the extent that the taxpayers may be able to vitiate the effect of any illegal assessment in a claim and suit for refund.

As a second policy argument, the taxpayers claim that we should hear the case on the merits because dismissal of the case as moot would sanction a procedure by which the government could force an appeal to become moot. In particular, the taxpayers argue that following dismissal of their complaint in the district court, the Collection Division of the IRS proceeded to levy on the taxpayers' home and property, thereby forcing them to pay the alleged deficiencies to avoid forced foreclosure prior to the resolution of the dismissal issue on appeal. The Kogers claim that our dismissal of the appeal would reward the IRS for its own

---

**4.** IRC § 7421(a) generally prohibits any suit seeking to enjoin the collection or assessment of any federal tax. Section 7421(a), however, contains explicit exceptions to the general prohibition against injunction actions. Of relevance here, § 7421(a) specifically excepts any action provided for in § 6212(a) and § 6213(a). Section 6212 authorizes issuance of deficiency notice and § 6213(a) contains authorization for injunction actions by providing that if collection or assessment action is begun either before 90 days have elapsed after the mailing of the notice of deficiency or after a taxpayer has filed a petition in the Tax Court, then the taxpayer may bring suit to enjoin such proceeding.

misdeeds and would offend the appellate process since the post-dismissal collection activity forced the taxpayers to pay the alleged illegal assessments to avoid forced liquidation during the pendency of this appeal. Accordingly, taxpayers assert forced payment of the assessments should not render the appeal moot.

We, however, cannot find on this ground that the appeal is not moot. While the taxpayers perceive that unilateral action by the IRS has forced them to pay the assessments and thereby prejudice their appeal, the taxpayers in actuality were not without power to seek a stay or injunction of the district court dismissal order during the pendency of the appeal. *See* FRCP 62; FRAP 8(a). The same point was made in *Little v. Bowers*, supra, 134 U.S. at 553, 10 S.Ct. at 621, and decided against the taxpayer. Since the Kogers chose, during the pendency of the appeal, to pay the assessments, without seeking a stay or injunction pending appeal, we cannot say that the IRS unilaterally forced the appeal to become moot. Thus, while we express no opinion whether unilateral action on the part of the IRS in forcing payment of assessed deficiencies necessarily preserves on appeal any controversy existing at the time the injunction suit was filed, see *Little v. Bowers*, at 553–558, 10 S.Ct. at 621–623, cf. *Singer*, supra, 141 U.S. at 700, 12 S.Ct. at 104, we decline to find this case not moot on this ground.

We have considered the other assignments of error and are of opinion they are without merit.

In accordance with *United States v. Munsingwear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), we vacate the judgment of the district court and remand to that court to dismiss the taxpayers' complaint as moot for lack of jurisdiction "which will clear the path for future relitigation of the issues between the parties." 340 U.S. at 40, 71 S.Ct. at 107.

The judgment of the district court is

VACATED AND REMANDED WITH INSTRUCTIONS.