931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard J. KERPELMAN, Plaintiff-Appellant,
v.
Glenn GROSSMAN, Staff Member, Maryland Attorney Grievance
Commission Staff, Kerry Staton, Peter D. Ward, Mykel
Hitselberger, John S. Wood, Willie M.J. Foster, as
constituting an Inquiry Panel under certain "BV" rules,
Defendants-Appellees.
 No. 90-1512.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1990.
Decided May 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CA-89-2804-MJG)
 Leonard J. Kerpelman, appellant pro se.
 Ralph S. Tyler, Assistant Attorney General, Baltimore, Md. for appellees.
 D.Md.
 DISMISSED.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leonard Kerpelman, a lawyer licensed to practice in Maryland, filed suit under 42 U.S.C. Sec. 1983 seeking to enjoin the investigation of several disciplinary charges brought against him by the Maryland Attorney Grievance Commission. He requested that the court (1) enjoin the Inquiry Panel hearing, which took place on October 12, 1989, (2) dismiss the panel appointed against him, (3) enjoin Assistant Bar Counsel Grossman from bringing further charges against him without prior approval of the district court, (4) order that specifics of the charges be supplied to him, (5) require that half of the members of any future panels appointed against him be from Baltimore County, and (6) grant him any further appropriate relief. He also stated that he was not pleading damages but requested that the court deem the question of damages reserved by him.
 
 
 2
 Inquiry Panel proceedings are largely investigatory in nature and designed to determine whether charges should be filed against an attorney in the Maryland courts. On March 29, 1990, the Bar Grievance Commission filed a petition in the Maryland Court of Appeals for disciplinary action against Kerpelman. On April 4, 1990, the petition was referred to the Circuit Court for Baltimore City for a hearing.
 
 
 3
 Kerpelman requested that District Court Judge Garbis recuse himself from this case. Of the grounds alleged, the only factually supported allegation was that Judge Garbis had represented clients before the Commission before he became a judge. Judge Garbis found this to be an insufficient reason for recusal. Following a hearing, he dismissed Kerpelman's suit under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971).
 
 
 4
 We find that there was no abuse of discretion in Judge Garbis' refusal to recuse himself. See 28 U.S.C. Sec. 455. We find further that each one of Kerpelman's claims for relief is now moot. The Commission's investigation is over, and charges have been filed in state court. A plaintiff must satisfy the Article III case or controversy requirement at all stages of review rather than only at the time the complaint is filed. Koger v. United States, 755 F.2d 1094, 1096 (4th Cir.1985). Kerpelman's requests for injunctive relief against future charges and declaratory relief concerning the composition of future panels also fails to satisfy the case or controversy requirement. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983); Buie v. Jones, 717 F.2d 925 (4th Cir.1983). There is no real or immediate threat that additional disciplinary charges will be brought against Kerpelman or that the composition of a future panel will violate the Commission's rules. It can be assumed that Kerpelman will conduct his legal business in the future in a manner which would not invite disciplinary charges. Cf. O'Shea v. Littleton, 414 U.S. 488, 497 (1974). Furthermore, Kerpelman's complaints are not "capable of repetition yet evading review." See Buie, 717 F.2d at 928. Accordingly, we dismiss this appeal as moot.[1] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 Kerpelman's suit requests relief only from proceedings controlled by the Commission. However, to the extent that his claims can be construed to request relief from proceedings in state court, abstention was proper. See Younger v. Harris, 401 U.S. 37 (1971)