LARRY LEAFBLAD, Plaintiff-Appellant, v. ROBERT SKIDMORE, as Treasurer of Lake County, Illinois, and *ex officio* County Collector, Defendant-Appellee.

Second District    No. 2—02—1229

Opinion filed October 20, 2003.

Newton E. Finn, of Waukegan, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Margaret A. Marcouiller and Karen D. Fox, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, Larry Leafblad, sued to enjoin defendant, Lake County treasurer and *ex officio* tax collector Robert Skidmore, from collecting part of plaintiff's real estate tax bill for 2001. Plaintiff's complaint alleged that the taxes that he disputes are based on an unauthorized reassessment of plaintiff's property. The trial court denied plaintiff's motion for summary judgment (see 735 ILCS 5/2—1005(c) (West 2000)) and dismissed the complaint (see 735 ILCS 5/2—619(a)(9) (West 2000)). Plaintiff appeals, contending that he is entitled to summary judgment because the undisputed facts show that the disputed reassessment was unauthorized by the Property Tax Code (Code) (35 ILCS 200/1—1 *et seq.* (West 2000)). For the reasons that follow, we dismiss the appeal as moot.

On May 16, 2002, plaintiff filed a complaint alleging as follows. Under the Code, township and county assessment officials may make general reassessments of real estate only at four-year intervals (with exceptions not pertinent here). In nonquadrennial years, assessments may be increased only to reflect changes made to real estate, to correct previous assessment errors, or to equalize individual property assessments as required by statute. Plaintiff's property is in one of the 14 Lake County townships for which 2001 was not a quadrennial year. Despite this, his property was reassessed generally in 2001, increasing the valuation far beyond what would have resulted from any limited reassessment. Because the assessment increase was unauthorized, the resulting increase in plaintiff's 2001 tax bill was void. Other property owners in the 14 townships had had their 2001 property tax bills increased by similar illegal means. The complaint asks the court to enjoin defendant from collecting the disputed taxes and to order defendant to recompute the property owners' tax bills. Alternatively, the complaint asks the court to allow defendant to collect the 2001 taxes but to order defendant to refund the illegal portions. The complaint has never been certified as a class action.

Defendant moved to dismiss the complaint, arguing in part that plaintiff had failed to exhaust his legal remedies by filing a complaint with the Lake County Board of Review or paying the taxes under

protest and then filing a tax objection complaint in the circuit court (see 35 ILCS 200/23—5, 23—10 (West 2000)). Plaintiff responded that because the challenged tax was not merely erroneous but void, a court could grant him equitable relief. Plaintiff also moved for summary judgment, asserting that the undisputed material facts showed that the reassessment was unauthorized.

The trial court ruled that because plaintiff had not shown that the disputed taxes were wholly unauthorized, he was limited to pursuing his remedies at law. On October 17, 2002, the court denied plaintiff's motion for summary judgment and dismissed the complaint. Plaintiff timely appealed.

On appeal, plaintiff argues that he is entitled to equitable relief even though he did not pursue his legal remedies by paying the tax under protest and seeking a refund. Plaintiff asserts that the challenged tax increase was not merely irregular but wholly unauthorized, meaning that his complaint is meritorious and that he is entitled to equitable relief. We ordered the parties to brief whether this appeal is moot because plaintiff has paid the disputed taxes. After receiving the briefs on this issue, we agree with defendant that the appeal is moot and must be dismissed.

In his supplemental brief, plaintiff concedes that he has already paid the disputed taxes, and he does not assert that he has pursued relief before the county board or filed a timely tax objection complaint in accordance with the Code. However, plaintiff maintains that there is still a live controversy because this court can order defendant to refund a portion of the taxes plaintiff has paid. Plaintiff contends alternatively that even if the appeal is moot, we should decide it because it presents an issue of public importance. We disagree with both assertions.

■ A case on appeal is moot if intervening events have made it impossible for the reviewing court to grant the complaining party effectual relief (*In re India B.*, 202 Ill. 2d 522, 542 (2002)) or, put differently, if the reviewing court's decision could have no practical effect on the parties (*Bunge Corp. v. Lewis*, 146 Ill. App. 3d 1094, 1097 (1986)). As plaintiff implicitly concedes, this appeal is moot insofar as the complaint seeks to enjoin the collection of the allegedly illegal tax. That tax has been collected. A court cannot prevent what has already been done. See *Ideal Realty Co. v. United States*, 561 F.2d 1123, 1124 (4th Cir. 1977) (requests for injunction dismissed as moot because disputed taxes had been paid).

Plaintiff argues nonetheless that a court can still grant him the alternative relief that his complaint seeks, a refund of the allegedly illegal taxes that have already been collected. However, we agree with

defendant that even if the reassessment and the resultant tax increase were unauthorized, any recovery is barred by the voluntary payment doctrine.

■ A taxpayer may not recover taxes that have been paid voluntarily unless a statute allows such a recovery. *Getto v. City of Chicago*, 86 Ill. 2d 39, 48 (1981). This rule applies even if the taxing body lacked the authority to impose the tax in question. *Isberian v. Village of Gurnee*, 116 Ill. App. 3d 146, 150-51 (1983). Here, sections 23—5 and 23—10 of the Code allow a taxpayer such a recovery if he has paid the taxes due within 60 days from the first penalty date of the final installment of taxes for the year at issue and has filed a timely protest in the circuit court. See 35 ILCS 200/23—5, 23—10 (West 2000). Plaintiff does not contend that he followed this payment-under-protest procedure or that his complaint should be construed as a statutory tax objection. Thus, as plaintiff voluntarily paid the disputed taxes, he cannot recover his payments even if the taxes were illegal.

■■ Plaintiff argues that this case resembles *Albee v. Soat*, 315 Ill. App. 3d 888 (2000), where we held that the plaintiffs could pursue relief even though they had already paid the taxes that they claimed were unauthorized. However, the plaintiffs in *Albee*, unlike plaintiff here, filed a proper tax-objection complaint per the Code. (The appeal in *Albee* was taken from the denial of the tax-objection complaint.) See *Albee*, 315 Ill. App. 3d at 889. Thus, because the *Albee* plaintiffs followed the payment-under-protest procedure, the voluntary payment doctrine did not apply.

Plaintiff's alternative argument on appeal is that even if this case is moot, this court should reach the merits by invoking the "public interest exception" to the mootness doctrine. However, this exception is narrow and requires a clear showing that (1) there is a substantial public question; (2) an authoritative determination for future guidance is needed; and (3) the circumstances are likely to recur. *India B.*, 202 Ill. 2d at 543. Although plaintiff asserts generally that the scope of taxing authorities' powers of reassessment is a subject of public concern, he has not shown clearly that the public interest requires us to decide the legality of the treatment of one person's property[1] in one year under circumstances that may not recur. Also, plaintiff could have avoided the mootness issue by pursuing his remedies at law

---

[1]Although plaintiff has asserted throughout that numerous other taxpayers were also the victims of illegal reassessments, this suit is not a class action and the rights of the other taxpayers were never adjudicated. They were free to pursue their statutory remedies at law and, like plaintiff, are free to do so if they wish to contest their tax bills in the future.

through the statutory procedure, and other taxpayers who may feel similarly aggrieved (now or in the future) also have that option.

We note that federal courts have long held that when a court denies a taxpayer's suit to enjoin the collection of taxes, the appeal of this denial becomes moot if the taxpayer has paid the taxes during the pendency of the appeal. *Singer Manufacturing Co. v. Wright*, 141 U.S. 696, 35 L. Ed. 906, 12 S. Ct. 103 (1891); *Koger v. United States*, 755 F.2d 1094, 1096-97 (4th Cir. 1985); *United States v. Miller*, 737 F. Supp. 508, 510 (N.D. Ind. 1990). Although these cases do not bind us, we believe that they are persuasive and support our decision in this case.

The appeal from the judgment of the circuit court of Lake County is dismissed.

Appeal dismissed.

McLAREN and BOWMAN, JJ., concur.