SIXTH DIVISION
September 12, 2008

No. 1-06-3734

| | |
|---|---|
| ROBERT C. BALL, CORNELIUS KING, SR., JAMES STEVENS, and ALICE WEED, Indiv. and on Behalf of Others Similarly Situated; and THE STATE OF ILLINOIS *ex rel.* CHARLES D. LEVY, | ) Appeal from<br>) the Circuit Court<br>) of Cook County<br>)<br>) |
| Plaintiffs-Appellants,<br>v. | )<br>) No. 99 CH 1659<br>) |
| THE COUNTY OF COOK, a Body Politic and Corporate; EDWARD J. ROSEWELL, Indiv. and as Former Treasurer of Cook County; and MARIA PAPPAS, as Treasurer of Cook County, | )<br>)<br>)<br>) Honorable |
| Defendants-Appellees. | ) Susan Fox Gillis,<br>) Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs appeal the dismissal of their third amended class-action complaint against defendants Cook County, its former treasurer Edward J. Roswell and its current treasurer Maria Pappas. Plaintiffs alleged defendants illegally failed to notify them that they were entitled to refunds of overpaid property taxes. Defendants moved to dismiss the complaint under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2006)). The trial court granted the motion. Plaintiffs appeal. We affirm.

Plaintiffs first filed a complaint in 1999. They filed amended complaints in 2001 and 2003. Ball alleged he paid his 1987 Cook County real estate tax bill without claiming the

homestead exemption to which he was entitled. In 1990, with the help of plaintiff Levy, owner of Refund Research Associates, Inc., Ball claimed his homestead exemption and sought a refund of the excess taxes. The Cook County assessor issued a "certificate of error." The circuit court certified the certificate of error in the amount of $338.18. Despite this, Ball was not notified of the certificate of error nor did he receive a refund. King and Weed made similar allegations as to the 1987 tax year. Stevens' allegations related to tax year 1989.

There were eight counts in plaintiffs' third amended complaint: (1) conversion/theft; (2) fraud/constructive fraud; (3) breach of fiduciary duties; (4) conspiracy; (5) unjust enrichment, (6) constructive trust; (7) accounting; and (8) a *qui tam* action on behalf of the State and Levy under the Whistleblower Reward and Protection Act (Whistleblower Act) (740 ILCS 175/4 (West 2006)), alleging that defendants had violated the Uniform Disposition of Unclaimed Property Act (Unclaimed Property Act) (765 ILCS 1025/1 *et seq.* (West 2006)). The trial court dismissed all counts of the complaint on defendants' motion after a hearing on November 22, 2006.

On appeal, plaintiffs raise six issues: (1) they are entitled to refunds under section 14-15 of the Property Tax Code (35 ILCS 200/14-15 (West 2006)), which governs certificates of error when the assessor discovers an assessment error; (2) their claims are not barred by the five-year statute of limitation in section 20-175 of the Property Tax Code (35 ILCS 200/20-175 (West 2006)), which governs refunds for erroneous assessments and overpayments; (3) alternatively, the unpaid refunds constitute abandoned property and defendants violated the Unclaimed Property Act (765 ILCS 1025/1 *et seq.* (West 2006)) by failing to notify plaintiffs and return their property; (4) plaintiffs should be allowed to recover their refunds through one or more of seven

2

common law remedies; (5) this matter is not barred by the preclusion doctrines of the law of the case, *res judicata* and collateral estoppel based on earlier litigation involving Levy and Pappas; and (6) the trial court erred in dismissing plaintiff Levy's claim under the Whistleblower Act (740 ILCS 175/1 *et seq*. (West 2006)).

Our review of the dismissal of a complaint under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2006)) is *de novo*. So is our review of questions of statutory interpretation. Alvarez v. Pappas, 229 Ill. 2d 217, 220, 890 N.E.2d 434, 437 (2008).

Plaintiffs first argue they are entitled to refunds under a certificate of error in section 14-15 of the Property Tax Code (35 ILCS 200/14-15 (West 2006)). This section states that when the county assessor discovers an error in a property tax assessment, the assessor "shall execute a certificate setting forth the nature and cause of the error." 35 ILCS 200/14-15 (West 2006)). Next, "[a] certificate of error *** shall be given effect by the county treasurer, who shall mark the tax books and, upon receipt of [a certificate] from the county assessor or the county assessor and the board of review *** shall issue refunds to the taxpayer accordingly." 35 ILCS 200/14-15 (West 2006)).

It is settled Illinois law that a taxpayer has no statutory or constitutional right to participate in a certificate of error procedure. In re Application of the Cook County Treasurer for the 1968, 1973, 1980 & Other Tax Years, 172 Ill. App. 3d 192, 199, 526 N.E.2d 865 (1988), citing, *inter alia*, Chicago Sheraton Corp. v. Zaban, 71 Ill. 2d 85, 373 N.E.2d 1318 (1978). In Chicago Sheraton Corp., our supreme court held that the certificate of error procedure was separate and distinct from the refund procedure available to the taxpayer. Chicago Sheraton

Corp., 71 Ill. 2d at 91. A taxpayer has no private cause of action under the statutory provisions for certificates of error. Chicago Sheraton Corp., 71 Ill. 2d at 91. "[T]he General Assembly intended the certificate of error procedure to be an expeditious summary process, without participation by the taxpayer, for correcting the assessor's errors." Chicago Sheraton Corp., 71 Ill. 2d at 91. A taxpayer who claims an incorrect assessment or exemption has a remedy elsewhere in the statute. Chicago Sheraton Corp., 71 Ill. 2d at 90-91.

In the Property Tax Code, the statutory remedy for refunds of erroneous assessments or overpayments appears in section 20-175 (35 ILCS 200/20-175 (West 2006)). Alvarez, 229 Ill. 2d at 221. Section 20-175 provides:

"If any property is twice assessed for the same year, or assessed before it becomes taxable, and the erroneously assessed taxes have been paid *** or have been overpaid by the same claimant or by different claimants, the County Collector, upon being satisfied of the facts in the case, shall refund the taxes to the proper claimant. *** *A claim for refund shall not be allowed unless a petition is filed within 5 years from the date the right to a refund arose.*" (Emphasis added.) 35 ILCS 200/20-175 (West 2006).

Plaintiffs argue that this section is inapplicable to their claims because it applies only to "property twice assessed for the same year, or assessed before it becomes taxable, and the erroneously assessed taxes have been paid" (35 ILCS 200/20-175 (West 2006)). They argue that because the property at issue here was neither twice assessed nor assessed before it became taxable, section 20-175 (35 ILCS 200/20-175 (West 2006)) does not control. But Alvarez

4

answers this argument. There, our supreme court decided that "to give effect to the legislature's intent, we must construe section 20-175 as permitting refunds of overpaid taxes, regardless of whether any erroneous assessment of property is involved." Alvarez, 229 Ill. 2d at 233-34.

"[T]he legislature has established a mechanism for obtaining a refund of overpaid taxes and taxpayers must comply with its terms to receive a refund." Alvarez, 229 Ill. 2d at 234. The method is set forth in section 20-175, which includes a limitation period. Alvarez, 229 Ill. 2d at 234. Refunds of overpaid taxes are barred if the claims were made more than five years after the plaintiff made the overpayments. Alvarez, 229 Ill. 2d at 234. "[T]he right to request a refund of taxes generally accrues at the time the taxes are paid." Alvarez, 229 Ill. 2d at 234, citing Sundance Homes, Inc. v. County of Du Page, 195 Ill. 2d 257, 267, 746 N.E.2d 254 (2001). Where it is undisputed that a request for a refund is made more than five years after the taxes were paid, the request is barred. Alvarez, 229 Ill. 2d at 234. Plaintiffs have no answer to the holding in Alvarez.

Here, plaintiffs paid the taxes at issue for tax years 1987 and 1989, payable in 1988 and 1990, respectively. The refunds they seek are available only through section 20-175 of the Property Tax Code (35 ILCS 200/20-175 (West 2006)). Alvarez, 229 Ill. 2d at 234. Plaintiffs did not file their complaint until 1999, 11 and 9 years, respectively, after their taxes were paid. Under the five-year statute of limitation in section 20-175, plaintiffs' claims are barred.

Plaintiffs alternatively argue that their overpayments should have been treated as abandoned property under the Unclaimed Property Act (765 ILCS 1025/1 *et seq.* (West 2006)). They rely on sections 8 and 8.1 of the Unclaimed Property Act, which provide that funds and

tangible property held for an owner by a public authority or governmental unit for more than seven years are presumed abandoned. 765 ILCS 1025/8, 8.1 (West 2006). Plaintiffs maintain that because they were entitled to refunds in the early 1990s, their overpayments should have been considered abandoned property after seven years. They contend that defendants, as holders of abandoned property, were required to report and remit all abandoned property to the state treasurer under section 11 of the Unclaimed Property Act (765 ILCS 1025/11 (West 2006)). The state treasurer would have been obligated to notify plaintiffs as the owners of the abandoned property. 765 ILCS 1025/12 (West 2006). Plaintiffs argue defendants knowingly and intentionally violated the Unclaimed Property Act by failing to report and remit the refunds as abandoned property.

But this argument was considered and rejected in Alvarez. There, our supreme court affirmed the appellate court's conclusion in Alvarez v. Pappas, 374 Ill. App. 3d 39, 45, 870 N.E.2d 853 (2007), that the Unclaimed Property Act does not apply when taxpayers overpay their taxes by mistake. The supreme court found the plaintiffs had not retained ownership of their funds when they paid their taxes but, rather, had transferred ownership of the funds to the defendant. Alvarez, 229 Ill. 2d at 227. "Plaintiffs' payments of the taxes were made pursuant to tax bills sent to them by defendant. They did not just leave money on a counter somewhere. Plaintiffs intended to pay the amounts they did [and] they intended to pass title to the funds to defendant." Alvarez, 229 Ill. 2d at 227. The court determined that the plaintiffs' payments no longer existed as distinct units of property because the taxes collected by the county collector had been disbursed on a monthly basis to the various taxing districts as mandated by section 20-140

of the Property Tax Code (35 ILCS 200/20-140 (West 2006)) (the county collector shall on the first day of every month pay over amounts payable as taxes to the proper authorities). <u>Alvarez</u>, 229 Ill. 2d at 227. The Unclaimed Property Act does not apply to the funds at issue here under <u>Alvarez</u>.

We note in passing that plaintiffs here did not file a response to the motion filed by defendants, and granted by this court, to supplement their brief with citations to <u>Alvarez</u>. As a result, plaintiffs have waived their opportunity to distinguish the supreme court's decision in <u>Alvarez</u>. See 210 Ill. 2d R. 341(h)(7) (issues not raised by appellants are waived).

Plaintiffs next argue that their claims for common law remedies should not have been dismissed under section 2-619 of the Code of Civil Procedure because a section 2-619 motion admits the legal sufficiency of the complaint, citing <u>Calibraro v. Board of Trustees of the Buffalo Grove Firefighters' Pension Fund</u>, 367 Ill. App. 3d 259, 261, 854 N.E.2d 787 (2006) ("A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim"). A defense to plaintiffs' common law claims is the existence of a statute of limitation. Section 2-619(a)(5) of the Code of Civil Procedure permits the involuntary dismissal of a cause of action on the defendants' motion if "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2006). The legal sufficiency of a complaint will not preclude dismissal under section 2-619 where an affirmative matter such as the expiration of a statute of limitation defeats the cause of action. <u>MC Baldwin Financial Co. v. DiMaggio, Rosario & Veraja, LLC</u>, 364 Ill. App. 3d 6, 22,

1-06-3734

845 N.E.2d 22 (2006).

Here, plaintiffs' action was barred not only by the five-year statute of limitation in section 20-175 of the Property Tax Code, but also by the same limitation period in section 13-205 of the Code of Civil Procedure (735 ILCS 5/13-205 (West 2006)). The limitation period in section 13-205 provides: "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2006). Section 13-205 "applies to [tax] refund actions in which the claimants essentially seek nothing more than [the] return of money." Sundance Homes, Inc., 195 Ill. 2d at 284. Section 13-205 also bars plaintiffs' common law causes of action that accrued in 1988 and 1990, but were not claimed until 1999 when plaintiffs first filed their complaint. A cause of action for a tax refund generally accrues at the time the taxes were paid. Alvarez, 229 Ill. 2d at 234. The statute of limitation in section 13-205 was an affirmative defense to plaintiffs' common law claims and the trial court did not err in dismissing the matter under section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2006)).

Plaintiffs next argue that defendants are wrong in claiming that earlier *mandamus* and replevin actions filed by Levy against Pappas bar this matter under the preclusion doctrines of *res judicata*, collateral estoppel and the law of the case. We do not understand this argument. We find nothing in the transcript of the hearing on defendants' motion to dismiss, the order of dismissal, plaintiffs' notice of appeal or plaintiffs' appellate brief to suggest that the *mandamus* and replevin actions were a part of this appeal. Because the preclusion arguments relate to earlier litigation that has not been raised by plaintiffs, these matters are waived. See 210 Ill. 2d R.

8

1-06-3734

341(h)(7) (issues not raised by appellants are waived).

Finally, plaintiffs argue that the trial court should not have dismissed plaintiff Levy's *qui tam* action brought under the Whistleblower Act (740 ILCS 175/1 *et seq.* (West 2006)). The Whistleblower Act provides that a person can be liable to the state for civil penalties and damages if that person perpetrates a fraud on the state. State ex rel. Beeler, Schad & Diamond, P.C. v. Burlington Coat Factory Warehouse Corp., 369 Ill. App. 3d 507, 510, 860 N.E.2d 423 (2006). Under section 4(b)(1) of the Whistleblower Act (740 ILCS 175/4(b)(1) (West 2006)), "[a] private person, referred to as a 'relator,' may also bring a civil action in the name of the state for a violation of the Act, for that person and for the state." Beeler, Schad & Diamond, P.C., 369 Ill. App. 3d at 510. Here, Levy was the relator. "Such an action is referred to as a '*qui tam*' action. 740 ILCS 175/4(c) (West 2002)." Beeler, Schad & Diamond, P.C., 369 Ill. App. 3d at 510.

This count of the complaint was based on plaintiffs' contention that defendants had perpetrated a fraud on the state by violating the Unclaimed Property Act (765 ILCS 1025/1 *et seq.* (West 2006)). Because Alvarez makes clear that the Unclaimed Property Act does not apply under the facts here, there are no grounds for a *qui tam* action. The count was properly dismissed.

We conclude that: (1) plaintiffs' only means of obtaining a refund for overpaid taxes, section 20-175 of the Property Tax Code (35 ILCS 200/20-175 (West 2006)), is barred by the statute of limitation; (2) plaintiffs have no remedy under the Unclaimed Property Act (765 ILCS 1025/11 (West 2006)); (3) plaintiffs' common law claims, even if legally sufficient, are barred by

9

the five-year limitation period in section 13-205 of the Code of Civil Procedure (735 ILCS 5/13-205 (West 2006)); (4) plaintiffs' arguments relating to earlier *mandamus* and replevin actions are waived under Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)); and (5) the trial court did not err in dismissing plaintiff Levy's action under the Whistleblower Act. The judgment of the circuit court is affirmed.

Affirmed.

WOLFSON and R.E. GORDON, JJ., concur.