No. 2-09-0478    Filed: 4-26-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JEFFREY SORCE, JEAN SORCE, ALEX McTAVISH, MARILYN KOEPKE, and All Other Individuals Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 08--MR--782 |
| | ) | |
| MARK ARMSTRONG, as Kane County Supervisor of Assessments, THE KANE COUNTY BOARD OF REVIEW, and THE KANE COUNTY COLLECTOR, | ) ) ) ) | Honorable Judith M. Brawka, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, Jeffrey and Jean Sorce, Alex McTavish, and Marilyn Koepke, appeal from the trial court's order denying their amended motion for conditional class certification and dismissing their amended complaint. We affirm.

On December 5, 2008, the Sorces filed a two-count complaint seeking declaratory judgment and alleging a violation of the uniformity clause of the Illinois Constitution. Ill. Const. 1970, art. IX, §4(a). On January 15, 2009, the Sorces filed a motion for conditional class certification for "taxpayers who received a Certificate of Error in 2008 because of an error in their respective assessment property cards." Defendants Mark Armstrong, in his capacity as the Kane County supervisor of assessments, and the Kane County Board of Review (BOR) responded that the trial court had no

authority to grant the request for conditional class certification and argued that the motion should be denied. Defendants also filed a combined motion to dismiss the complaint pursuant to section 2--619.1 of the Code of Civil Procedure (735 ILCS 5/2--619.1 (West 2008)).

On February 17, 2009, the Sorces filed an amended motion for conditional class certification, seeking certification for taxpayers who received certificates of error in 2006, 2007, and 2008. They also filed a separate motion to add parties to their suit. They then filed a one-count amended complaint for declaratory judgment and class action, adding plaintiffs Alex McTavish and Marilyn Koepke and defendant The Kane County collector. Defendants, while noting that the Sorces did not present to the court the motion to add parties and did not receive leave of court to add the parties, filed another combined motion under section 2--619.1, adding that the motion "is sufficient to address the claims of those referenced, but not yet added, parties." Defendants also objected to the amended motion for conditional class certification.

The trial court subsequently granted the motion to add parties "by agreement" and allowed all pleadings then filed to stand. On April 29, 2009, the court denied the amended motion for conditional class certification. Also, granting the portion of defendants' combined motion to dismiss that sought dismissal pursuant to section 2--619(a)(5) of the Code (735 ILCS 5/2--619(a)(5) (West 2008)) the court dismissed without leave to replead the amended complaint for declaratory judgment and class action. This appeal followed.

We first note that, while defendants have filed a brief in this appeal, the argument portion of the brief is 1½ pages long and does little more than "adopt in its entirety the trial judge's detailed written opinion." In light of this ersatz brief, we will treat this case as we would a case under First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976).

Plaintiffs first contend that the trial court erred in granting defendants' motion to dismiss pursuant to section 2--619(a)(5) of the Code (735 ILCS 5/2--619(a)(5) (West 2008)). Section 2--619(a)(5) allows for involuntary dismissal of an action where "the action was not commenced within the time limited by law." 735 ILCS 5/2--619(a)(5) (West 2008). A motion brought pursuant to section 2--619 admits the legal sufficiency of the complaint, along with all well-pleaded facts and the inferences drawn therefrom, but asserts an affirmative matter that avoids or defeats the claim. Larochelle v. Allamian, 361 Ill. App. 3d 217, 219 (2005). On appeal, this court must ascertain whether a genuine issue of material fact precluded dismissal or, if such an issue does not exist, whether dismissal was proper as a matter of law. Larochelle, 361 Ill. App. 3d at 219. We give de novo review to the trial court's ruling on such a motion. Larochelle, 361 Ill. App. 3d at 219.

In the amended complaint, the Sorces alleged that, on June 25, 2008, they notified their township assessor of an error in their tax assessment. The assessor issued a certificate of error for the current tax cycle, which was endorsed by the BOR in July 2008. The BOR executed the certificate on the Sorces' property for assessment year 2007, for which the taxes were payable in 2008. However, the Sorces alleged that erroneous measurements of improvements on their property and/or other erroneous calculations had led to an inflated assessment of their property and to "tax payments in excess of the value of the improvements" for at least 10 years.

In the same complaint, McTavish alleged that, in 2007, he discovered that the property record card for his property "included square footage which did not exist." He obtained a reduction in his assessment of approximately 30% for taxes payable in 2008. However, his property had been erroneously assessed since it was built in 1995. Koepke alleged that she received a change in value in 2009 after discovering that her home had been erroneously assessed.

Plaintiffs alleged that the BOR issued over 5,000 certificates of error in 2008 and 2,500 certificates in 2007 and in 2006. Hundreds, if not thousands, of taxpayers who were issued certificates of error were eligible for refunds for erroneous assessments.

Plaintiffs contended that they had overpaid their taxes for at least five years due to erroneous assessments, and they argued that section 20--175 of the Property Tax Code (35 ILCS 200/20--175 (West 2008)) "allows any taxpayer who is erroneously assessed the ability to claim a refund for a period of five (5) years when [sic] the claim arose." Thus, they asked the courts to: (1) certify as a class all taxpayers who received reductions of their assessments based on erroneous information or who received certificates of error in 2006, 2007, and 2008; (2) order defendants to issue certificates of error for tax years 2004, 2005, and 2006 to all eligible taxpayers; (3) tender rebate checks, along with statutory interest, to all eligible plaintiffs and class members; and (4) order attorney fees to be paid out of the common fund.

Taking the facts of this complaint as true, we conclude that the trial court did not err in granting the section 2--619(a)(5) motion to dismiss. Plaintiffs rely on section 20--175 of the Property Tax Code to support their contention that they should be recompensed for tax years 2004-06. Essentially, they claim that the "time limited by law" (735 ILCS 5/2--619(a)(5) (West 2008)) is controlled by section 20--175, not the general principle of law that taxes voluntarily paid are not recoverable. See Leafblad v. Skidmore, 343 Ill. App. 3d 640, 643 (2003) ("A taxpayer may not recover taxes that have been paid voluntarily unless a statute allows such a recovery"). Section 20--175 provides in relevant part:

> "If any property is twice assessed for the same year, or assessed before it becomes
> taxable, and the erroneously assessed taxes have been paid either at sale or otherwise, or have

been overpaid by the same claimant or by different claimants, the County Collector *** shall refund the taxes to the proper claimant. *** A claim for refund shall not be allowed unless a petition is filed within 5 years from the date the right to a refund arose. If a certificate of error results in the allowance of a homestead exemption not previously allowed, the county collector shall pay the taxpayer interest on the amount of taxes paid that are attributable to the amount of the additional allowance ***." 35 ILCS 200/20--175 (West 2008).

Clearly, this cause does not involve property that was twice assessed for the same year, property that was assessed before it became taxable, or the allowance of a homestead exemption not previously allowed. However, plaintiffs argue that our supreme court extended the reach of section 20--175 in Alvarez v. Pappas, 229 Ill. 2d 217 (2008), and that the five-year limitation contained in section 20--175 now applies to the recovery of any overpayment of property taxes.

In Alvarez, the plaintiffs filed a class-action complaint alleging that they had made duplicate payments of their real estate taxes. The plaintiffs requested refunds of their duplicate payments more than five years after the payments were made. Alvarez, 229 Ill. 2d at 221. The trial court dismissed the complaint on the ground that section 20--175's five-year limitations period had expired. Our supreme court examined the legislative history of the 1975 amendment to the predecessor of section 20--175, which, among other things, changed the phrase "twice paid" to the word "overpaid." See Ill. Rev. Stat. 1973, ch. 120, par. 767; 35 ILCS 200/20--175 (West 2008). The court concluded that the legislature "intended to broaden the scope of the statute to include overpayments of property taxes without regard to whether those overpayments were pursuant to erroneous assessments." Alvarez, 229 Ill. 2d at 233. Thus, the plaintiffs' claims for refunds of their overpaid taxes were

subject to the limitations period set forth in section 20--175 and were time-barred. Alvarez, 229 Ill. 2d at 234.

Plaintiffs misread the import of Alvarez. The holding in Alvarez did not extend the application of section 20--175 to all tax payments that were based on some error in the calculation of the taxes due. The plaintiffs in Alvarez sought refunds of payments over and above the taxes that had been levied against their properties; tax bills were paid by both the property owners and their lenders. The plaintiffs mistakenly paid more than their tax bills required, and the taxing bodies received more money than they were owed. Alvarez merely determined that section 20--175 applied to an overpayment of taxes regardless of any error in the assessment; it did not extend the coverage of section 20--175, and its five-year limitations period, to the payment of taxes where the amount of the taxes was incorrectly calculated. Here, plaintiffs did not overpay their taxes. Their tax bills may have been incorrectly calculated, but they did not pay more than 100% of their individual tax bills. We determine that Alvarez does not entitle plaintiffs to the refunds that they seek.

Plaintiffs' reliance on Ball v. County of Cook, 385 Ill. App. 3d 103 (2008), is similarly misplaced. Ball involved a plaintiff who paid his 1987 taxes without claiming the homestead exemption to which he was entitled. He eventually claimed the exemption, and the Cook County assessor issued a certificate of error, which was certified by the circuit court. However, the plaintiff never was notified of the certificate of error, nor did he receive his refund. He filed a complaint seeking a refund in 1999. The factual situation in Ball (a certificate of error resulting in the allowance of a homestead exemption not previously allowed) is specifically provided for in section 20--175. See 35 ILCS 200/20--175 (West 2008). The application of section 20--175 to that situation does not provide any guidance in the situation before us and does not support plaintiffs' contentions.

A taxpayer may not recover taxes that he has voluntarily paid unless a statute allows such a recovery. Leafblad, 343 Ill. App. 3d at 643. This is true even if a taxing body lacks authority to impose the tax in question. Leafblad, 343 Ill. App. 3d at 643. Section 20--175 does not apply to plaintiffs' claims, and plaintiffs can point to no other statutory provision allowing them to recover the taxes they paid before 2008. There is no genuine issue of material fact that precluded dismissal of plaintiffs' complaint, and dismissal was proper as a matter of law. See Larochelle, 361 Ill. App. 3d at 219. The trial court did not err when it determined that "the action was not commenced within the time limited by law."

Because of our disposition of this issue, we need not address plaintiffs' contention regarding the conditional class certification.

For these reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

ZENOFF, P.J., and HUTCHINSON, J., concur.